Filed
1/15/2016 12:32:07 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVT000115D4

CAUSE NO. 2016CVT000115D4

| | | |
|---|---|---|
| AMBROSIO LONGORIA, Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| | § | WEBB COUNTY, TEXAS |
| SARBJIT SINGH BASATIA, AND HUNTER EXPRESS, LTD., Defendants | § § § § | 406th JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff **AMBROSIO LONGORIA** and files this Original Petition complaining of **SARBJIT SINGH BASATIA AND HUNTER EXPRESS, LTD.** for causes of action, Plaintiff would show as follows:

### I.
*Discovery Control Plan*

1.  Discovery in this action is intended to be conducted under Level 2, in accordance with Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
*Parties*

2.  Plaintiff **AMBROSIO LONGORIA** is an individual and resident of Starr County, Texas.

3.  Defendant **SARBJIT SINGH BASATIA** is an individual and resident of Ontario Canada. He may be served with process at his residence, at 14 Banks Drive, Brampton, Ontario, L6P 1C7, Canada or wherever he may be found.

4.  Defendant **HUNTER EXPRESS, LTD.** ("Hunter") is a foreign company with its principal place of business in Brampton, Ontario, Canada. It may be served with process through

the Hague Convention, at 1040 Steeles Avenue, Lot 1A, Brampton, Ontario, L6T 1A1, Canada, or wherever it may be found.

### III.
### *Venue*

5. Venue is proper in Webb County, Texas, in that the loss made the basis of this suit occurred in Webb County, Texas.

### IV.
### *Jurisdiction*

6. This Court has jurisdiction in this matter because the damages to Plaintiff are within the jurisdictional limits of this Court.

### V.
### *Factual Background*

7. Plaintiff's cause of action arises from an automobile collision that occurred on or about April 22, 2015, in Webb County, Texas. Defendant Basatia was driving a vehicle owned by Defendant Hunter. Defendant Basatia was in the left turn only lane at the intersection of W. Loop 20 and FM 1472. Plaintiff was in the next lane, which was a left turn or travel straight lane. As the Plaintiff attempted to turn left, Defendant Basatia disregarded the left turn only marks and drove straight, colliding with the Plaintiff's vehicle, causing the Plaintiff serious injuries.

8. Defendant Hunter owned the vehicle Defendant Basatia was driving. Defendant Basatia was employed by Defendant Hunter. Defendant Hunter permitted Defendant Basatia to drive the vehicle in the course and scope of his employment with them.

### B. Negligent Entrustment

13. Defendant Hunter entrusted its vehicle to Defendant Basatia. Defendant Hunter knew or should have known that Defendant Basatia was an incompetent or reckless driver. As discussed above, Defendant Basatia's negligence caused the incident in question, and proximately caused the Plaintiff's damages.

### C. Negligent Hiring

14. Defendant Hunter owed the Plaintiff a legal duty to use ordinary care in determining whether a prospective employee is competent to be hired. Defendant Hunter breached that duty with regard to Defendant Basatia. This breach proximately caused the Plaintiff's damages.

### D. Negligent Supervision

15. Defendant Hunter owed the Plaintiff a legal duty to use ordinary care in adequately supervising its employees. Defendant Hunter breached that duty with regard to Defendant Basatia. This breach proximately caused the Plaintiff's damages.

### E. Negligent Retention

16. Defendant Hunter owed the Plaintiff a legal duty to use ordinary care in retaining their employees. Defendant Hunter breached that duty with regard to Defendant Basatia. This breach proximately caused the Plaintiff's damages.

### F. Negligent Training

17. Defendant Hunter owed the Plaintiff a legal duty to use ordinary care in adequately training their employees. Defendant Hunter breached that duty with regard to Defendant Basatia. This breach proximately caused the Plaintiff's damages.

## VII.
### *Damages Demanded From Defendants*

18. Plaintiff seeks monetary relief over $1,000,000. TEX. R. CIV. P. 47(c)(5).

19. Plaintiff seeks recovery of the following categories of damages from Defendants: (1) past and future physical pain; (2) past and future mental pain and anguish; (3) past and future medical expenses; (4) past and future lost wages; (5) disfigurement; (6) past and future physical impairment; and (7) property damage.

20. As a further result of Defendants' negligence and/or negligence per se as described above, Plaintiff has incurred expenses for medical care and attention and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

21. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for this medical care and attention.

## VIII.
### *Request For Disclosure*

22. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are hereby requested to disclose the information or material described in Rule 194 within 50 days of the service of this request.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial Plaintiff has:

- A. Judgment against Defendants in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;
- B. Prejudgment interest;
- C. Post-judgment interest;
- D. Costs of court; and

All such other relief, at law or in equity, to which Plaintiff may show himself to be entitled.